IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>WAYNE MARTIN GAUGER,<br><br>　　　　　　　　　Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:10-CR-1070 TS<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Brooke Wells |

Before the Court are Defendant's Motions to Withdraw Plea of Guilty.[1] The Court heard argument on Defendant's motions on May 16, 2012. Plaintiff was represented by Drew Yeates and Defendant was represented by Darin Goff. Having reviewed a transcript of the hearing, the parties' memoranda and relevant case law, and being fully informed the Court enters the following Report and Recommendation. For the reasons stated below, the Court recommends that Defendant's motion be DENIED.

BACKGROUND

Defendant Wayne Martin Gauger was charged by Superseding Indictment on January 26, 2011 with twelve counts relating to robbery, brandishing a firearm, discharging a firearm and a felon in possession of a firearm.[2] On August 8, 2011, Gauger pleaded guilty to Counts 7, 9 and 10 of the Superseding Indictment before the undersigned.[3] In return for his guilty pleas, the

---

[1] Docket nos. 73 and 83. The Court notes that the first motion was filed by Mr. Gauger and the second motion was filed by Mr. Gauger's counsel. Both motions address the same request, to withdraw Mr. Gauger's guilty plea. The Court addresses both the motions in this decision. Mr. Gauger's motion also alleged dissatisfaction with his counsel at that time. The Court resolved that issue and appointed new counsel for Defendant, Mr. Darin Goff, who filed the subsequent Motion to Withdraw Guilty Plea.

[2] Superseding indictment, docket no. 20.

[3] Docket no. 55, *see also* docket no. 75 transcript of proceedings held on August 8, 2011.

United States agreed to move to dismiss Counts 1-6, 8, 11, and 12 at the time of sentencing.

Approximately two months later on October 4, 2012, Defendant filed a handwritten note that said "I wish to withdraw my plea of guilt. Thank you, Sincerely Wayne Martin Gauger."[4] A hearing on Gauger's motion was held before Judge Stewart on November 29, 2011. At the hearing and in the presence of his counsel, Gauger stated that he wished to withdraw his motion to withdraw guilty plea and based upon that representation Judge Stewart denied the motion to withdraw guilty plea finding it as moot.[5] Sentencing was set for December 20, 2011.

On December 20, 2011, during the hearing that was set for sentencing, Gauger informed Judge Stewart that he sent a renewed written motion to withdraw his plea. In his renewed motion filed on December 22, 2011, Gauger stated that he "didn't understand that the (924c) (sic) was a mandatory consecutive sentence. I did know it was a min – man 10 yrs but not a consecutive sentence when I found out I petitioned the court to withdraw my guilty plea."[6] In his motion Gauger further noted that he had one "serious mental breakdown" and ongoing bouts of depression. Gauger also expressed displeasure with his then current counsel. On February 2, 2012, Gauger was appointed new counsel who filed a motion to withdraw plea of guilty on March 16, 2012.[7]

## DISCUSSION

Pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B) Defendant seeks to withdraw his guilty plea entered on August 8, 2011. Rule 11(d)(2)(B) provides in pertinent part that, "A defendant may withdraw a plea of guilty or nolo contendere: after the court accepts the plea, but

---

[4] Docket no. 66.

[5] Docket no. 69.

[6] Mtn to withdraw plea of guilty p. 1., docket no. 73.

[7] Docket no. 83.

before it imposes sentence if: the defendant can show a fair and just reason for requesting the withdrawal."[8] A defendant does not have an absolute right to withdraw a guilty plea[9] and the burden of establishing that there is a fair and just reason for allowing the withdrawal of his guilty plea rests upon the defendant.[10] In determining whether a defendant has met this burden, the Court considers seven factors. These are "(1) whether the defendant has asserted his innocence, (2) prejudice to the government, (3) delay in filing defendant's motion, (4) inconvenience to the court, (5) defendant's assistance of counsel, (6) whether the plea is knowing and voluntary, and (7) waste of judicial resources."[11]

In addition to these seven factors, the Tenth Circuit in *United States v. Glover*,[12] explained that the fair interests in the administration of justice may also be examined. In affirming the judgment of a district court that denied a motion to withdraw guilty plea that court stated "[i]n the face of his admitted and palpable guilt, permitting the defendant to withdraw his plea would only result in a postponement of the inevitable."[13] The Court does not believe the *Glover* court intended this to necessarily be a new separate and distinct factor. Rather, such considerations may be part of factor seven, waste of judicial resources, and are subsumed within the concern that it is inappropriate to simply allow the withdrawal of a guilty plea on a defendant's whim. The United States Supreme Court articulated this underlying concern in *United States v. Hyde*.[14]

---

[8] Fed. R. Civ. P. 11(d)(2)(B)(2011).

[9] *See United States v. Siedlik*, 231 F.3d 744, 748 (10th Cir. 2000).

[10] *See United States v. Gordon*, 4 F.3d 1567, 1572 (10th Cir. 1993).

[11] *Id*; *see also United states v. Graham*, 466 F.3d 1234, 1237038 (10th Cir. 2006); *United States v. Elias*, 937 F.2d 1514, 1520 (10th Cir. 1991).

[12] 911 F.2d 419 (10th Cir. 1990).

[13] *Id.* at 421.

[14] 520 U.S. 670, 676-77 (1997) (internal citations and quotations omitted).

> Given the great care with which pleas are taken under the revised Rule 11, there is no reason to view pleas so taken as merely 'tentative,' subject to withdrawal before sentence whenever the government cannot establish prejudice. Were withdrawal automatic in every case where the defendant decided to alter his tactics and present his theory of the case to the jury, the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim. In fact, however, a guilty plea is no such trifle, but a 'grave and solemn act,' which is 'accepted only with care and discernment.'[15]

With these principles in mind the Court turns to the instant case.

*1. Assertion of Innocence.* It took approximately seven months for Gauger to assert his innocence claiming that he lacked the specific intent required under some of the alleged charges. Gauger did not assert his innocence in his initial motion or his renewed motion. Defendant also failed to assert his innocence during any of the three court hearings addressing his motions to withdraw.[16] Rather, Gauger claimed he did not know that the 924(c) would run consecutive to any other sentence.[17] Yet, Defendant was advised of this fact on at least four occasions. He was arraigned twice during which the maximum penalties were set forth.[18] The consecutive nature of the sentence was also set forth in the Statement in Advance of Plea which Defendant represented he had read and understood during the change of plea hearing.[19] And finally, the nature of the maximum penalties was also explained during the plea colloquy before the undersigned.[20] In short, Defendant's delay in asserting his innocence weighs against allowing him to withdraw the plea.

---

[15] *Id.* (citations omitted).

[16] *See* docket nos. 69, 72 and 79.

[17] *See* mtn. to withdraw, docket no. 73

[18] Docket nos. 17 and 25.

[19] *See* transcript of hearing held August 8, 2011, p. 7.

[20] *See id.* at p. 17.

*2. Prejudice to the Government.* During oral argument the Government conceded that "withdrawal of the guilty pleas in this case would not seriously prejudice the government . . . ."[21] Thus, factor two weighs in favor of Defendant.

*3. Delay in filing motion to withdraw plea.* Defendant entered his plea on August 8, 2011. Approximately two months later on October 4, 2011, Defendant sought to withdraw the plea in his initial motion. Gauger then withdrew his initial motion during a hearing before Judge Stewart. At the time set for sentencing Defendant then notified the Court that he had renewed his motion to withdraw plea. "A swift change of heart is itself strong indication that the plea was entered in haste and confusion."[22] Here, the time to initial filing of the motion, approximately two months, is relatively short, but the constant oscillation of Defendant suggests manipulation or perhaps buyer's remorse rather than a strong indication that the plea was entered in haste or confusion.[23] In viewing the totality of the circumstances here, the Court finds this factor weighs against Defendant.[24]

*4. Inconvenience to the Court.* Some degree of inconvenience to the Court from a plea withdrawal is inevitable. Defendant asserts that there is not much inconvenience here because it is only a five day jury trial that is not complex and involves a reasonable number of witnesses. Moreover, the "anticipated length and complexity of the government's case against the [defendant] should not necessarily weigh against the [defendant] since he originally had a right

---

[21] Transcript of May 16, 2012 hearing p. 13.

[22] *United States v. Barker*, 514 F.2d 208, 222 (D.C. Cir. 1975), *cert. denied*, 421 U.S. 1013 (1975).

[23] *See United States v. Vidakovich*, 911 F.2d 435, 439 (10th Cir. 1990) (finding the defendant's conduct suggested manipulation of the plea process).

[24] *See e.g., Siedlik*, 231 F.3d at 749 (noting a seven month delay weighed against the defendant); *United States v. Carr*, 80 F.3d 413, 420 (10th Cir. 1996) (finding a three month delay weighed against the defendant); *Vidakovich*, 911 F.2d at 439 (noting the five month delay suggests manipulation and weighs against the defendant).

to a jury trial."[25]  Here, however, the length of the trial and complexity of the case is not the only concern to the Court.  As noted by the Government, Defendant has "vacillated about whether or not to withdraw his plea."[26]  This has necessitated additional Court time and resources to determine Defendant's intent about whether or not he intends to withdraw his plea.  When coupled together with an unforeseen five day trial this factor weighs slightly against Defendant.

     *5. Defendant's assistance of counsel.*  At the change of plea hearing held on August 8, 2011, Defendant stated he was satisfied with the services of his lawyer.[27]  Approximately four and half months later Defendant first expressed dissatisfaction with his attorney and at the same time asked that he be allowed to withdraw his plea.[28]  Defendant argues there are "issues regarding his mental health and stability that his former counsel should have considered prior to assisting [him] in entering a plea."[29]  During oral argument on the present motions Defendant's counsel conceded that Defendant's former counsel had Gauger examined by a mental health professional.[30]  According to Defendant, however, that examination preceded the episode in June that interfered with his ability to enter into the plea.  The Court is not persuaded by this argument and finds that it is undermined by Defendant's handwritten renewed motion to withdraw plea.  Gauger states that he is "not at all satisfied or comfortable with my attorney . . . when I made my plea [because] I didn't understand that the (924c) was a mandatory consecutive sentence."[31]  Only after stating his concerns with the sentence does he mention "one serious mental

---

[25] *Carr*, 80 F.3d at 420-21.

[26] Op. p. 11.

[27] *See* transcript of hearing held August 8, 2011, p. 8.

[28] *See* motion to withdraw guilty plea, docket no. 73.

[29] Mem. in sup. p. 4.

[30] Transcript May 16, 2012, p. 6.

[31] Mtn. p. 1, docket no. 73.

breakdown"[32], an ongoing fight with depression, and his dissatisfaction with his attorney for talking him out of withdrawing his guilty plea. A plain reading of Defendant's motion supports the consistent concerns he has alleged over the sentence.[33] It does not support the assertion that he had incompetent counsel. This factor does not weigh in Defendant's favor.

    *6. Voluntariness of guilty plea.* "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' "[34] "A guilty plea entered upon the advice of counsel is invalid if the plea was coerced . . . or if the advice of defendant's counsel was not within the range of competence demanded of attorneys in criminal cases."[35]

    Defendant acknowledges that the undersigned "likely did everything that could have been done to assure that [the] plea of Mr. Gauger was knowing and voluntary."[36] Notwithstanding these efforts, Defendant argues that his guilty plea was not knowing and voluntary due to his mental health problems which have been reoccurring since being first diagnosed with Schizoaffective Disorder[37] when he was 14.

    Defendant was initially scheduled to appear before Magistrate Judge Warner for a change of plea hearing on June 22, 2011. The order continuing that hearing states "On or prior to June 22, 2011, the [Defendant] began suffering from issues related to his physical and/or mental

---

[32] *Id.*

[33] For example during the plea colloquy Defendant stated that he was "gambling on the sentence of the Court." Transcript of hearing held August 8, 2011, p. 10.

[34] *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970)).

[35] *Carr*, 80 F.3d at 416 (internal citations and citations omitted).

[36] Mem. in sup. p. 5.

[37] *See id.* Stedman's Medical Dictionary defines Schizoaffective as a disorder "having an admixture of symptoms suggestive of both schizophrenia and affective (mood) disorder." *Stedman's medical dictionary*. (27th ed.). (2000). Philadelphia : Lippincott Williams & Wilkins p. 1600.

health."[38] Due to Defendant's health issues, the U.S. Marshall Service was unable to transport Defendant and the hearing was cancelled.[39] Approximately five weeks later on July 26, 2011, Judge Stewart held a status conference where Defense counsel represented that Gauger was well enough to go ahead with a plea.[40] The change of plea hearing was then held on August 8, 2011.[41]

Defendant argues the timeframe between his psychotic break, being placed on antipsychotic medication and the change of plea hearing was insufficient to ensure that he was "clear minded, mentally stable and capable of understanding the information former counsel explained to him regarding his plea and the consequences of such plea, or whether his medications were stabilized and fully effective."[42] Defendant acknowledges that he had been placed on medication prior to the August 8th hearing, but he does not provide an exact start date. There is also nothing offered by Defendant to indicate the exact date when his psychotic break occurred.

Defendant alleges that at the time of he entered his plea of guilty before the undersigned, he was "experiencing delusions, mood swings, and other symptoms related to his Schizoaffective Disorder, Antisocial Personality Disorder and Depression."[43] He also "was hearing and speaking to voices in his head and was having severe sleeping problems."[44] In support of these arguments Defendant attaches information from the National Alliance on Mental Illness (NAMI) website[45]

---

[38] Order Continuing Case and Excluding Time dated June 27, 2011, p 1. docket no. 51.

[39] *See id.*

[40] Docket no. 54.

[41] Docket no. 55.

[42] Mem. in sup. p. 6..

[43] *Id.* at p. 5.

[44] *Id.* at p. 6.

[45] *See* http://www.nami.org.

about the antipsychotic medications he was prescribed, but otherwise provides no corroborating documents.

Defendant was prescribed three medications Haldol, Effexor, and Risperdal. According to the NAMI documentation, the full benefits of Haldol "may not be seen for 6-12 weeks or longer."[46] Individuals taking Effexor "may show some improvement within the first 1-2 weeks" while full benefits "may take 4-6 weeks."[47] And finally, the full benefit of Risperdal "may not be seen for 6-12 weeks or longer."[48] Given these time frames, Defendant asserts that his former counsel "should have requested additional time in order to ensure that Mr. Gauger was stable on his medication" and Defendant "should have received a mental health evaluation prior to the entry or appearance at any plea hearing."[49] The Court is not persuaded by Defendant's arguments.

At a status conference held before Judge Stewart on July 26th Defense counsel represented that Defendant was well enough to go ahead with a plea.[50] It is unclear from the record when Defendant's psychotic break occurred and Defendant has failed to offer any evidence indicating the exact date. But, even if the Court presumes it occurred on June 22nd when Defendant could not be transported by the U.S. Marshall Service, nearly five weeks passed between June 22nd and July 26th. According to the NAMI documentation, five weeks is sufficient time for Defendant to begin showing improvements in his mental health. The change of plea hearing before the undersigned was held on August 8th, which was nearly seven weeks after June 22nd. Using the NAMI information as a gauge, by August 8th Defendant would likely

---

[46] Mem. in sup. ex. B p. 5.

[47] *Id.* at p. 10.

[48] *Id.* at p. 15.

[49] Mem. in sup. p. 6.

[50] Docket no. 54.

be experiencing the full benefits from Effexor with at least partial to full benefits from Haldol and Risperdal.

In addition, the Court carefully observed Defendant during the change of plea hearing held on August 8th. There was no indication that he was suffering from mental disorders or health conditions that would have prevented his plea from being knowingly and voluntarily entered. When this Court asked whether Defendant was under the influence of anything that would prevent him from entering his plea he answered in the negative.[51] Defendant expressed himself freely at the hearing and expressed concerns about "gambling on the sentence of the Court."[52] After acknowledging Defendant's mental reservations with the sentence the Court specifically asked Defendant whether he had talked with his attorney about sentencing calculations. Defendant replied that he had.[53] The Court then asked Defendant six different times whether his mental reservations would prevent him from going forward. Each time Defendant replied no and that he was willing to move forward despite not knowing the exact sentence he would receive.[54] After receiving Defendant's answers the Court moved forward with the hearing.

Based upon Defendant's answers and his conduct during the hearing, the Court finds there was nothing to indicate he was suffering from delusions, mood swings or depression which would have prevented the entry of a plea. Defendant had already received a mental health

---

[51] Transcript of August 8, 2011 hearing p. 9.

[52] *Id.* at p. 10; *see id.* at p. 9-10 ("The Court: Other than what might be deemed normal nervousness at appearing in court and entering pleas of guilty, do you have any mental reservations concerning your plea? MR. GAUGER: Hell, yeah. THE COURT: Well, sir, let's -- let's explore that. What are your reservations? MR. GAUGER: I -- I -- I just – my reservations are I'm just gambling on my life. You know what I'm saying? I'm gambling on the sentence of the Court. I don't know.").

[53] *See id.* at p. 10.

[54] *See id.* at p. 10-11.

examination previously and there were no additional indicia that he needed another examination prior to the plea hearing.

For the foregoing reasons the Court concludes Defendant's plea was voluntarily, knowingly and intelligently entered. Accordingly, this factor weighs against Defendant.

*7. Waste of judicial resources*. Once again, some waste of judicial resources from a plea withdrawal is inevitable. Defendant claims any waste of judicial resources would be slight and "outweighed by the ability of a defendant to properly defend himself against charges."[55] Although the trial time in this case would be somewhat minimal—five days—a review of the case including the factual basis of Defendant's plea suggests that allowing him to "withdraw his plea would only result in the postponement of the inevitable."[56] In asserting his innocence, Defendant has not alleged that he did not commit the crimes charged; rather, he claims he did not possess the requisite intent. Yet, there are witnesses from the alleged robberies as well as a co-defendant who has already pleaded to these same charges all serving to undermine Defendant's position and corroborate the factual basis supporting the entered plea. Thus, the Court is convinced of Defendant's guilt.[57] In short, allowing Defendant to go behind the plea in this case would undermine the great care with which pleas are taken and lead to them becoming more akin to a "meaningless formality reversible at the defendant's whim."[58]

---

[55] Mem. in sup. p. 6.

[56] *Glover*, 911 F.2d at 421.

[57] *See Carr*, 80 F.3d at 421.

[58] 520 U.S. at 677.

11

RECOMMENDATION

When taken together, the above factors weigh against Defendant. The Court therefore RECOMMENDS that Mr. Gauger's Motion to Withdraw Guilty Plea be DENIED.

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object. Any objection must be filed within 14 days after being served with a copy.[59] Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 11 June 2012.

Brooke C. Wells
United States Magistrate Judge

---

[59] *See* Fed. R. Civ. P. 72(b)(2).